# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, L.L.C, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2304 |
| | § | |
| HSBC BANK USA, N.A., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 27. The Magistrate Judge considered a motion for summary judgment filed by defendant HSBC Bank U.S.A., N.A. ("HSBC") (Dkt. 23), plaintiff Morlock, L.L.C.'s ("Morlock") response (Dkt. 25), and HSBC's reply (Dkt. 26). Having considered the M&R, the motions, Morlock's objections (Dkt. 28), HSBC's response (Dkt. 29), and other relevant materials in the record, the court is of the opinion that Morlock's objections should be OVERRULED and the M&R should be ADOPTED IN FULL.

## I. BACKGROUND

In April 2005, George G. George executed an Adjustable Rate Note (the "Note") to purchase property located at 17606 Meadow Crossing Lane, Houston, Texas 77095 (the "Property") with a loan from People's Choice Home Loan, Inc. ("People's Choice"). Dkt. 23, Ex. A-1 at 8–12. The Note was secured by a deed of trust granting a security interest in the form of a lien on the Property to People's Choice. Dkt. 23, Ex. A-2 at 14–40. On December 6, 2007, (but effective as of October 30, 2007), both the Note and the deed of trust were assigned to HSBC. *See* Dkt. 23, Ex. A-3 at 42–43. George defaulted several times on the Note by failing to make timely payments. Dkt. 23,

Exs. A, A-7.  HSBC's loan servicer sent George a notice of default on September 15, 2012.  Dkt. 23, Ex. A-4 at 52–58.  On December 6, 2011, Morlock purchased the Property subject to any existing liens.  Dkt. 23, Ex. B-1.  On November 29, 2012, after George continued to default on the mortgage, HSBC's loan servicer sent George a notice of acceleration, and a notice of sale to take place on January 1, 2013.  Dkt. 23, Ex. B-1 at 5–8.  On July 10, 2015, HSBC sent George a notice of rescission of acceleration on the Note.  Dkt. 23, Ex. A-6 at 67–68.

In December 2012, Morlock filed suit against HSBC in the 295th District Court of Harris County, Texas seeking a temporary restraining order to prevent a sale of the Property and a determination of HSBC's assignment of the lien and interest in the Property.  Dkt. 23, Ex. B-5.  The case was removed to federal court and Morlock's claims were dismissed on July 23, 2014, for failure to state a claim.  Dkt. 23, Ex. B-5 at 63–72.

On July 6, 2015, Morlock brought a second suit against HSBC in the 133rd District Court Of Harris County, Texas.  Dkt. 1, Ex. B-1.  Morlock requested a temporary restraining order preventing any action by HSBC and claimed that HSBC's right to enforce the lien was barred by section 16.035 of the Texas Civil Practice and Remedies Code.  Dkt. 1, Ex. B-1.  On August 11, 2015, HSBC removed this case on the basis of diversity jurisdiction.  Dkt. 1.  On August 18, 2015, HSBC filed a motion to dismiss (Dkt. 3) which the Magistrate Judge recommended denying on October 21, 2015 (Dkt. 15).  The court adopted the Magistrate Judge's decision on the motion to dismiss on December 3, 2015.  Dkt. 17.  On June 10, 2016, HSBC filed a motion for summary judgment.  Dkt. 23.  The Magistrate Judge considered HSBC's motion for summary judgment and issued an M&R recommending that the court grant HSBC's motion.  *See* Dkt. 23.

The Magistrate Judge's M&R addresses HSBC's motion for summary judgment (Dkt. 23) along with Morlock's response (Dkt. 25) and HSBC's reply in support of its motion for summary

2

judgment (Dkt. 26).  Dkt. 27.  Morlock asserts that HSBC did not bring suit for foreclosure on the lien within four years of accrual of the cause of action as required by section 16.035 of the Texas Civil Practice and Remedies Code making the lien void and unenforceable.  Dkt. 25.  HSBC's motion for summary judgment asserts that the statute of limitations does not bar foreclosure because HSBC abandoned all instances of acceleration.  Dkt. 23, Exs. A-6, A-7, A-8.  Further, HSBC argued that the evidence shows that HSBC owns the Note and is the current beneficiary on the deed of trust because Morlock purchased the Property subject to any existing liens.  Dkt. 23, Ex. B-1 at 6.

The Magistrate Judge recommended that the court grant HSBC's motion for summary judgment (Dkt. 27 at 13) because, while HSBC exercised its option to accelerate more than four years ago, HSBC abandoned both instances of acceleration (Dkt. 27 at 12–13).  Therefore, HSBC did not have to file a written extension because it acted to abandon the acceleration within the four-year statute of limitations.  Dkt. 27 at 12.  Further, because Morlock purchased the property at a foreclosure sale subject to any existing liens, George still owed a debt to HSBC, and HSBC could foreclose on the property.  Dkt. 27 at 13.  Morlock filed timely objections to the M&R.  Dkt. 28.  HSBC responded to the objections.  Dkt. 29.

## II. LEGAL STANDARD

### A.    Magistrate Judge

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).  For non-dispositive

matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**B.     Motion for Summary Judgment**

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. OBJECTIONS

Morlock does not provide the court with an enumerated list of objections.  However, because the court reviews the Magistrate Judge's recommendation de novo, the court will summarize and address Morlock's arguments (Dkt. 28) in reponse to the Magistrate Judge's M&R (Dkt. 27). Morlock asserts the following objections to the Magistrate Judge's M&R: (1) the Magistrate Judge erred in upholding HSBC's lien on the property because  HSBC's enforcement of the deed of trust is barred by the statute of limitations, or alternatively, that the statute of limitations was not extended in compliance with section 16.036 of the Texas Civil Practice and Remedies Code; (2) the Magistrate Judge misapplied Texas Law and Morlock is a bona fide purchaser entitled to statutory

protection under section 16.037 of the Texas Civil Practice and Remedies Code because there was no recorded extension agreement.[1]  Dkt. 28.

First, Morlock argues that HSBC's enforcement of the deed of trust is barred by the statute of limitations.  Dkt. 28.  Texas law creates a four-year statute of limitations for a foreclosure sale of real property under a deed of trust.  Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b).  When the four-year period expires, "the real property lien and power of sale to enforce the lien become void."  *Id.* § 16.035(d).  Morlock asserts that he became the owner of the property in December 2011, which was more than four years ago, and that the statute of limitations was not extended under section 16.036.  Dkt. 28.  Therefore, Morlock asserts that HSBC's enforcement of the deed of trust is barred. Dkt. 28.

However, Morlock misapplies the law as applied to the accrual date of the action.  If, as is true here, the deed of trust contains an optional acceleration clause, "the action accrues only when the holder actually exercises its option to accelerate."  *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (first citing *Hammann v. H.J. McMullen & Co.*, 62 S.W.2d 59, 61 (Tex. 1933); then citing *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex. Civ. App.—Galveston 1939, writ ref'd)).  "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration."  *Id.* (first citing *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991); then citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982)).  Parties can abandon acceleration by agreement.  *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356 (Tex. App—Houston [1st Dist.] 2012, no pet.).  A note holder can abandon acceleration by continuing to

---

[1] Morlock's objections originally assert that Morlock is entitled to statutory protection under "the Texas Property Code".  Dkt. 28 at 1.  The court assumes here that Morlock is actually referring to the Texas Civil Practice and Remedies Code, which he later references in his objections.

accept payments on the loan after giving notice of acceleration.  *See Holy Cross,* 44 S.W.3d at 566–67.  When acceleration is abandoned, the original maturity date is restored.  *Id*. at 567 (citing *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ).  In addition, a note holder can abandon acceleration unilaterally by sending a notice of rescission.  *See Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed. App'x 677, 679 (5th Cir. 2015) (unpublished) (a unilateral notice of rescission is a valid expression of abandonment of acceleration under Texas law); *see* Dkt. 27 at 10–11 (M&R) (discussing acceptance of unilateral rescission under Texas Law).

As indicated in the record, assuming that HSBC accelerated payment in late 2008 or early 2009 (*see* Dkt. 23, Ex. A), HSBC later abandoned the acceleration when it continued to accept payments made pursuant to the loan modification.  Dkt. 23, Exs. A-7, A-8.  HSBC accelerated payment a second time in November 2012 (Dkt. 23, Exs. A-4, A-5), but again, HSBC abandoned its acceleration by sending a notice of rescission just four days later (Dkt. 23, Ex. A-6).  Therefore, HSBC did not have to file a written extension because HSBC successfully abandoned both instances of acceleration within the applicable four-year statute of limitations.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.036.  The Magistrate Judge properly evaluated whether HSBC's enforcement of the deed of trust was barred by the four-year statute of limitations.  Dkt. 27 at 8–12.  The court accepts the Magistrate Judge's opinion that HSBC timely abandoned both instances of acceleration and that HSBC did not need to file an extension.

Second, Morlock argues that because there was no extension agreement recorded in compliance with section 16.036 of the Texas Civil Practice and Remedies Code, Morlock is a bona fide purchaser entitled to protection under section 16.037.  Dkt. 28.  As previously stated in response to Morlock's first objection, both instances of acceleration were abandoned, eliminating the need for HSBC to file an extension.  The court need not address Morlock's second objection in full because

protection of a bona fide purchaser by section 16.037 of the Texas Civil Practice and Remedies Code only works to protect third parties when an extension agreement, in fact, exists.  Tex. Civ. Prac. & Rem. Code Ann. § 16.037.  The court accepts the Magistrate Judge's conclusion that Morlock purchased the property subject to any existing liens, making Morlock's interest in the property subject to HSBC's lien.  Dkt. 27 at 13.  Therefore, the court AFFIRMS the Magistrate Judge's opinion that the debt is properly owed to HSBC by George, and HSBC may foreclose on the property.  Dkt. 27 at 13.

### III. CONCLUSION

Morlock's objections are OVERRULED, and the M&R (Dkt. 27) is hereby ADOPTED IN FULL.  HSBC's motion for summary judgment (Dkt. 23) is GRANTED.


Signed at Houston, Texas on March 24, 2017.


_____
Gray H. Miller
United States District Judge